UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

AMERICAN INTERNATIONAL GROUP, INC.,
a Foreign Profit Corporation; ADAM MARANI,
an individual; HOOTER PATROL IV, LLC,
a Florida Limited Liability Company; and
DROSTE NOT, INC., a Florida Corporation,

      Plaintiffs,

v.

DAN MICHAELS, an individual; MICHAEL S. OLIN,
P.A., a Florida Profit Corporation; and UNITED STATES
OF AMERICA, on behalf of the DEPARTMENT
OF TREASURY and INTERNAL REVENUE
SERVICE,

      Defendants.
_____/

**COMPLAINT FOR INTERPLEADER**

      **COMES NOW**, Plaintiffs, AMERICAN INTERNATIONAL GROUP, INC.; ADAM MARANI; HOOTER PATROL IV, LLC; and DROSTE NOT, INC., by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1335, 1340, 1346, and 2410; and Federal Rule of Civil Procedure 22, bring the present complaint to resolve competing claims to settlement funds, and state as follows:

      1.    A personal injury suit was brought by Defendant, DAN MICHAELS (hereinafter "Mr. Michaels"), against Plaintiffs, ADAM MARANI; HOOTER PATROL IV, LLC; and DROSTE NOT, INC., in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, styled as *Dan Michaels v. Adam Marani; Hooter Patrol IV, LLC; and Droste Not, Inc.,* Case No. 09-41729 CA (03) (herein "the Civil Action").

2. Mr. Michaels was represented by Defendant, MICHAEL S. OLIN, P.A., in the underlying state court case.

3. The parties executed a settlement agreement on September 9, 2013, for a confidential sum, disbursement of which was conditioned on Mr. Michaels satisfying two federal tax liens recorded in 2007, by the Internal Revenue Service ("IRS"), in Los Angeles County, California. A copy of the Settlement Agreement is attached hereto as **Exhibit "A."**

4. Plaintiffs, ADAM MARANI; HOOTER PATROL IV, LLC; DROSTE NOT, INC.; and their insurer, AMERICAN INTERNATIONAL GROUP, INC. ("AIG"), are the stakeholders of the amount agreed upon in the settlement agreement. Each of the Defendants in the present interpleader complaint has, or has claimed at some point, a lien, claim, or right to the monies Plaintiff, AIG, holds to satisfy the settlement obligations of its insureds, the Defendants in the Civil Action.

5. Plaintiffs file this interpleader complaint pursuant to 28. U.S.C. § 1335 [statutory interpleader] and F.R.C.P. 22 [Rule Interpleader], to resolve competing claims to the settlement funds. Rule 22 interpleader provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." F.R.C.P. 22(a)(1). In addition, Rule 22 provides that "[t]he remedy this rule provides is in addition to-and does not supersede or limit-the remedy provided by 28 U.S.C. § 1335…" F.R.C.P. 22(b).

6. Under 28 U.S.C. § 1335, this Court has jurisdiction over a civil interpleader action involving adverse claims to money or property worth $500 or more provided at least two of the adverse claimants are of diverse citizenship and are claiming or may claim to be entitled to such money or property.

## THE PARTIES

7.     Plaintiff, AMERICAN INTERNATIONAL GROUP, INC, is incorporated under the laws of the State of Pennsylvania, with its principal place of business located at 175 Water Street, New York, NY, and was/is registered to do business in the State of Florida.

8.     Plaintiff, ADAM MARANI ("Mr. Marani"), is, upon information and belief, sui juris and a resident of the state of Florida.

9.     Plaintiff, HOOTER PATROL IV, LLC ("Hooter"), is a Florida Limited Liability Company existing under the laws of the State of Florida, with its principal place of business located at 4411 Cleveland Avenue, Fort Myers, Lee County, Florida.

10.    Plaintiff, DROSTE NOT, INC. ("Droste"), is a Florida Profit Corporation existing under the laws of the State of Florida, with its principal place of business located at 4411 Cleveland Avenue, Fort Myers, Lee County, Florida.

11.    Defendant, UNITED STATES OF AMERICA, on behalf of THE DEPARTMENT OF TREASURY and INTERNAL REVENUE SERVICE, the federal government's tax collection agency which administers the Internal Revenue Code enacted by Congress, is a sovereign and body politic/govt entity.

12.    The United States is the real party in interest because neither the Treasury nor the IRS is a suable entity. *See e.g., Castelberry v. Alcohol, Tobacco and Firearms Div. of Treasury Dept.,* 530 F.2d 672, 673 n.3 (5th Cir. 1976)("The Bureau of Alcohol Tobacco and Firearms of the U.S. Treasury Department… is not suable, since the Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued eo nomine."), *citing, inter alia,*

*Blackmar v. Guerre*, 342 U.S. 512 (1952) (dealing similarly with the United States Civil Service Commission). *See also Reppert v. I.R.S.*, 418 Fed.Appx. 897, 898 n.1 (11th Cir. Mar. 24, 2011)("Taxpayer named the IRS as defendant but the IRS is not a suable entity.").

13. Congress has waived the Government's sovereign immunity in certain interpleader actions. 28 U.S.C. § 2410(a) authorizes suits against the United States "in any district court, or in any State court having jurisdiction of the subject matter … of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien."

14. The tax payer whose liability created the IRS tax liens at issue in this Complaint is Defendant, Mr. Michaels. The two liens were recorded by the IRS in 2007, before Mr. Michaels filed the underlying personal injury suit in state court, and well before the Settlement Agreement was entered into. See Notice of Tax Lien attached hereto as **Exhibit "B."**

15. Defendant, Mr. Michaels, based on information and belief, is currently a citizen of Canada and the United States and resides in Montreal, Quebec, Canada.

16. Defendant, MICHAEL S. OLIN, P.A., represent(ed) Mr. Michaels in the underlying personal injury suit. The law firm is incorporated under the laws of the State of Florida, with its principal place of business at 169 169 E. Flagler Street, Miami, Miami-Dade County, Florida.

## THE PROPERTY

17. The item at issue here is a payment of a confidential amount, that Plaintiffs, AIG, agreed to pay, on behalf of its insureds (Plaintiffs, Mr. Marani; Hooter and Droste), to Defendants, Mr. Michaels and his counsel, to settle a case in the Circuit Court of the

Seventeenth Judicial Circuit, in and for Broward County, Florida, styled as *Dan Michaels v. Adam Marani; Hooter Patrol IV, LLC; and Droste Not, Inc.,* Case No. 09-41729 CA (03). The amount of the recorded tax lien its greater than the settlement funds.

18. The Plaintiffs disclaim all interests in the disposition of the funds at issue in this case.

19. Plaintiff, AIG, is ready, willing and able to disburse the settlement funds.

20. Plaintiff's have complied with all conditions precedent to the filing of this action.

## JURSIDICTION AND VENUE

21. Because the federal court has exclusive original jurisdiction to hear federal tax issues, an interpleader action in federal court is the appropriate venue for settlement funds to be deposited into the Court registry, pending resolution of the competing claims. *See* 28 U.S.C. §§1340, 1346, 2410. Venue is also appropriate because the Civil Action which forms the basis of this Interpleader action was filed and is pending in the 17th Judicial Circuit for Broward County, Florida.

22. The Court has jurisdiction over this matter under (1) 28 U.S.C. § 1335, as two or more of the claimants to the property at issue are of diverse citizenship; (2) 28 U.S.C. § 1340, as it arises under an Act of Congress providing for internal revenue; (3) 28 U.S.C. § 1346, as the United States is a Defendant; and (4) 28 U.S.C. § 2410, as it is an action affecting property on which the United States has a lien.

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1397, because the United States is a Defendant and one or more of the claimants/defendants reside in this district and the property is held in this district.

## FACTS

24. This case arises out of personal injuries incurred by Defendant, Dan Michaels, on December 29, 2006, while aboard the Hooter Patrol tender vessel, which lead to Mr. Michaels filing the underlying personal injury case against Plaintiffs.

25. The case was mediated on September 9, 2013, and a settlement agreement was executed by the parties, for a confidential sum. *See* **Exhibit "A"** (the sum redacted for confidentiality).

26. A Notice of Settlement was filed with the Court and the matter was removed from the Court's docket.

27. At the time of the Settlement Agreement, it was known to all parties that Mr. Michaels had a recorded federal tax lien against him in Los Angeles County, California, in an amount in excess of the settlement sum.

28. Given the above, the parties stipulated in the Settlement Agreement that disbursement of the settlement funds to Mr. Michaels was conditioned upon him satisfying the tax lien. An agreed upon General Release was to have been executed by Mr. Michaels, within 15 days of the date of the settlement agreement; however, he has not satisfied this condition and as a result, Plaintiff/liability insurer, AIG, has been unable to release funds in satisfaction of its obligations.

29. Mr. Michaels and his counsel, Michael S. Olin, P.A., claim they are in negotiations with the IRS; however, to date, one of the two federal tax liens has not yet been satisfied or released.

30. Plaintiff, AIG, liability insurer of the additional Plaintiffs, has the settlement funds and is ready, willing and able to disburse same in full satisfaction of their obligations pursuant to the Settlement Agreement.

31. However, pursuant to 31 U.S.C. § 3713, a lawyer who distributes the proceeds of a settlement or judgment, with knowledge or notice of the existence of a tax lien, may be personally liable for the amount of the tax (up to the amount of the distribution). As such, both undersigned counsel and counsel for Mr. Michaels have been in agreement that legally, the settlement funds could not be released to, nor disbursed, until an agreed upon payment arrangement was made with the IRS.

32. To date, Defendants have been unable to come to an agreement and the recorded tax lien remains pending and unresolved. As such, it has been impossible for the insurer, AIG to issue the agreed upon payment, although it remains ready, willing and able to perform as agreed.

33. On September 15, 2015, the state court held a case management conference due to the amount of time the case has remained on the docket without activity.

34. The above situation was explained to the state court, and the court was further advised that independent counsel has been hired to try and further negotiations with the IRS. On this representation, the Court ordered that a case management conference be re-set for December 10, 2015, in order to provide time to resolve the IRS lien.

35. Undersigned counsel advised Defendant Michael S. Olin, P.A. (counsel for Mr. Michaels), that if the lien was not resolved 30 days prior to the December case management conference, they would move to enforce the settlement, seek to deposit the settlement funds in the court registry, and obtain a dismissal with prejudice.

36. As of the date of this filing, the lien remains unresolved. As such, undersigned counsel has filed a Motion to Enforce Settlement Agreement and Dismiss Case with Prejudice in the state court case. Because the federal court has exclusive original jurisdiction to hear federal tax issues, an interpleader action in federal court is the appropriate venue for settlement funds to be deposited into the Court registry, pending resolution of the competing claims. *See* 28 U.S.C. §§1340, 1346, 2410.

37. While Plaintiffs disclaim any ownership interest in the funds, the claims of Mr. Michaels; Michael S. Olin, P.A.; and the United States, each and all seek the same funds and expose Plaintiffs to double or multiple liability and Plaintiffs are in doubt as to which of the claimants is or are entitled to the funds, if any. Therefore, this action is a "true interpleader."

38. As such, the stakeholders (Plaintiffs) should be dismissed from the suit. *See Fresh America Corp. v. Wal-Mart Stores, Inc.,* 393 F.Supp.2d 411, 414, (N.D. Tex. 2005)( quoting, *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999)) ("There are two varieties of interpleader: 'true interpleader,' in which the stakeholder disclaims all interest in the disposition of the fund; and 'actions in the nature of interpleader,' in which the stakeholder is one of a group of claimants asserting a right to the fund." … "In a true interpleader action, the stakeholder is dismissed from the suit after the Court determines that interpleader is appropriate, and only the parties asserting an interest in the fund remain.").

39. The requirements for a rule or statutory interpleader action have been met, as there is a single fund at issue and adverse claimants to that fund. *See, Star Insurance Co. v. Cedar Valley Express, LLC*, 273 F.Supp.2d 38, 41 (D.D.C. 2002).

40. Plaintiffs are disinterested stakeholders, and, as such, the funds should be deposited into the court's registry and Plaintiffs should be dismissed from the action *See e.g., John Alden Life Ins. Co. v. Vanlandingham*, 2006 WL 1529047 at *5 (M.D.Fla. May 30, 2006) (granting plaintiff's motion for interpleader and fees and noting that plaintiff, as a disinterested stakeholder, was entitled to early dismissal from case with prejudice); *State Farm Life Insurance Company v. Mangan*, 2010 WL 1504936 (S.D.Fla. Feb. 6, 2010) (Gold, J.) (granting motion for interpleader and dismissing disinterested stakeholder from case subject to award of fees and costs); *see also Dunn v. Harris Corp.*, 560 F.Supp.2d 1260, 1262 (M.D.Fla.2008) (noting that disinterested stakeholder's motion for interpleader was granted and that stakeholder was entitled to be dismissed from case); *Wachovia Bank N.A. v. Tien*, 2006 WL 5533320 (June 1, 2006) (Gold, J.) (granting agreed motion for summary judgment as to first phase of interpleader action and discharging disinterested stakeholder); *United States v. Sentinel Fire Ins. Co.*, 178 F.2d 217, 224 (5th Cir.1950) (noting that "plaintiffs in [an] interpleader suit [can be] dismissed before final decree").

41. In addition, Plaintiffs have acted in good faith and therefore, are entitled to attorneys' fees and costs for their participation in the cause. *See, Sentinel Fire Ins. Co.*, 178 F.2d at 236 (noting that "[a]n incident of the equitable remedy of interpleader is the allowance of attorney's fees and court costs to a wholly disinterested stakeholder who brings money or other property into court."). "[A]lthough such awards are within the court's discretion, they are common where the [disinterested] stakeholder has acted in good faith." *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir.1982).

42. The aforementioned statutory prerequisites are satisfied in the instant case and Plaintiffs, as disinterested stakeholders, are entitled to be dismissed from this action, subject

to their right to file a motion with this Court for reasonable attorneys' fees and costs. First, Plaintiffs should deposit into the registry of the Court the funds, which are in excess of $500, that are in its custody. Second, there are competing claims to the interpleaded funds by adverse claimants of diverse citizenship (e.g., claimant Dan Michaels is a resident of Quebec, Canada, while Michael S. Olin, P.A. is a resident of Florida), and one of the Defendants is the United States. *See Tashire*, 386 U.S. at 530 (noting that action under federal interpleader statute requires only "minimal diversity," that is, diversity between two or more of the claimants). Third, it is undisputed that Plaintiffs are not making a claim to the settlement funds at issue and therefore qualify as "disinterested stakeholders" entitled to discharge. Accordingly, this Court has subject-matter jurisdiction over the first phase of this interpleader action and may enter appropriate orders in conjunction therewith.

**WHEREFORE**, Plaintiffs, AIG GLOBAL MARINE & ENERGY; ADAM MARANI; HOOTER PATROL IV, LLC; and DROSTE NOT, INC., hereby request judgment in their favor:

a) Ordering defendants to interplead their respective claims to the settlement funds;

b) Declaring and determining the defendants' rights and interests in the settlement funds;

c) Ordering Plaintiffs to either (1) relinquish possession of the settlement funds into the registry of the Court under Local Rule 67.1, and allowing Plaintiffs 30 days in which to make that deposit after receiving the Court's Order;

d) Restraining each of the defendants from instituting any action against Plaintiffs for recovery of any portion of the settlement funds;

e) Relieving and discharging Plaintiffs, including their officers, Board members, directors, employees, agents, attorneys, heirs, assigns, and affiliates individually and in their official capacities, from liability with regard to the settlement funds and with regard to the return of same to the proper party or parties;

f) Dismissing Plaintiffs from this action with reservation of jurisdiction to enter an award of fees and costs; and,

g) Awarding Plaintiffs their costs and fees related to securing this interpleader, upon subsequent filing of a motion and affidavit supporting same.

Dated: November 19, 2015.

                Respectfully submitted,

                **THE CHARTWELL LAW OFFICES, LLP**
                200 South Biscayne Boulevard, Suite 300
                Miami, Florida 33131
                305.372.9044 Telephone
                305.372.5044 Facsimile
                E-mail: kfacuna@chartwelllaw.com

                By: */s/ **Krista Fowler Acuña***
                      Krista Fowler Acuña
                      Florida Bar No. 650791